IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEVIN LEE BOYINGTON,**
   **Plaintiff,**

**vs.**               **Case No: 3:04cv352/RS/MD**

**KEVIN COXWELL,**
**JAMES H. NEWTON, IV,**
   **Defendants.**

_____

## REPORT AND RECOMMENDATION

  This civil rights action is before the court upon referral from the clerk. On January 25, 2006 the District Judge denied in part defendants' motion for summary judgment, and remanded the case to the undersigned for further proceedings.[1] (*See* Doc. 39). Ordinarily the undersigned would have issued an order requiring the filing of pre-trial narratives; however, it came to the court's attention that all of the orders mailed to plaintiff since November 22, 2005 had been returned as undeliverable. The returned mail included a copy of the undersigned's Report and Recommendation, a copy of the District Judge's Order adopting the Report and Recommendation, a copy of the Judgment, and other miscellaneous correspondence from the court. (*See* Docs. 36, 37, 38 & 41).

  Accordingly, on February 6, 2006 the undersigned issued an order directing plaintiff to notify the court of his current address and to declare his continued interest in this case. (Doc. 42). Plaintiff was provided twenty days in which to

---

[1] Defendants' motion for summary judgment was granted in part and denied in part as follows: Summary judgment was granted as to plaintiff's official capacity claims against defendants and his claims for injunctive relief; summary judgment was denied as to plaintiff's Fourth Amendment claims against defendants in their individual capacities. Plaintiff's Fourteenth Amendment claims were dismissed with prejudice. (Doc. 39).

comply with the order and was warned that failure to do so would result in a recommendation of dismissal of this action. A copy of the February 6 order was mailed to plaintiff at his last known address--9571 Nims Lane, Pensacola, FL 32514.[2] However, it was returned as undeliverable on February 16, 2006 marked "Return to Sender; Attempted -- Not Known; Unable to Forward." (Doc. 43). The court has received no communication from plaintiff since his release from prison on November 1, 2005.

Accordingly, it is respectfully RECOMMENDED that this case be dismissed without prejudice for plaintiff's failure to keep the court informed of his current address and failure to comply with an order of the court.

At Pensacola, Florida, this 21st day of February, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[2]Plaintiff was released from the custody of the Florida Department of Corrections on November 1, 2005. See www.dc.state.fl.us/InmateReleases. Not having been advised of plaintiff's release, on November 22, 2005 the clerk of court mailed a Notice of Judge Reassignment to plaintiff at his then address of record--Century Correctional Institution. The institution forwarded the notice to the following address: "c/o Ted Ward, 9571 Mims Lane, Pensacola, FL 32514." (Doc. 36). On December 29, 2005 the mail was returned to this court as undeliverable, marked "Return to Sender; Not Deliverable As Addressed; Unable To Forward." (*Id.*).

In the meantime, prior to entering its December 21, 2005 Report and Recommendation, the court on its own initiative discovered that plaintiff had been released. See www.dc.state.fl.us/InmateReleases. Although plaintiff had not notified the court of his new address, the court mailed a copy of its Report and Recommendation to Century Correctional Institution and to plaintiff's "stated residence upon release" as indicated on the Florida Department of Corrections' website--9571 Nims Lane, Pensacola, FL 32514. *Id.* That mail, and all subsequent mail sent to plaintiff at the Nims Lane address has been returned as undeliverable.

*Case No: 3:04cv352/RS/MD*